BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>APPROXIMATELY $10,858.78 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 4861-511483,<br><br>APPROXIMATELY $7,620.00 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 4861-511475,<br><br>APPROXIMATELY $2,104.73 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 4861-511467,<br><br>APPROXIMATELY $1,971.68 IN U.S. CURRENCY SEIZED FROM CITIBANK ACCOUNT NUMBER P12SW0053, and<br><br>FARMERS INSURANCE GROUP CHECK IN THE AMOUNT OF $25,936.89 ISSUED TO DYLAN C. HUDSON AND CAPITAL ONE AUTO FINANCE,<br><br>　　　　Defendants. | STIPULATION FOR CONSENT JUDGMENT OF FORFEITURE |

Plaintiff United States of America and potential claimant Dylan C. Hudson, by

1

and through their respective counsel of record, hereby agree and STIPULATE as follows:

1. On March 8, 2012, the U.S. Immigration and Customs Enforcement ("ICE") executed State seizure warrants at Wells Fargo Bank located at 4355 Town Center Blvd., El Dorado Hills, California, Citibank located at 4005 Manzanita Ave., Carmichael, California and Farmers Insurance Group, 21st Century Casualty Company, Total Loss COE, Box 108815, Oklahoma City, Oklahoma. The agents seized Approximately $10,858.78 in U.S. Currency from Wells Fargo Bank Account Number 4861-511483, Approximately $7,620.00 in U.S. Currency from Wells Fargo Bank Account Number 4861-511475, Approximately $2,104.73 in U.S. Currency from Wells Fargo Bank Account Number 4861-511467, Approximately $1,971.68 in U.S. Currency from Citibank Account Number P12SW0053, and a Farmers Insurance Group Check in the amount of $25,936.89 issued to Dylan C. Hudson and Capital One Auto Finance (hereafter the "defendant funds").  U.S. Customs and Border Protection ("CBP") then commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about May 7, 2013, the CBP received a claim from Dylan C. Hudson asserting an ownership interest in the defendant funds.

2. The government represents that it could show at a forfeiture trial that on March 8, 2012, ICE agents executed State seizure warrants on the defendant funds. The agents seized Approximately $10,858.78 in U.S. Currency from Wells Fargo Bank Account Number 4861-511483, Approximately $7,620.00 in U.S. Currency from Wells Fargo Bank Account Number 4861-511475, Approximately $2,104.73 in U.S. Currency from Wells Fargo Bank Account Number 4861-511467, Approximately $1,971.68 in U.S. Currency from Citibank Account Number P12SW0053, and a Farmers Insurance Group Check in the amount of $25,936.89 issued to Dylan C. Hudson and Capital One Auto Finance, that are real or personal property, which constitutes or is derived, directly or indirectly, from proceeds obtained as a result of the commission of the

1  violations of 21 U.S.C. §§ 846 and 841 (a)(1).

2      3.    Without admitting the truth of the factual assertions contained in this
3  stipulation, Dylan C. Hudson specifically denying the same, and for the purpose of
4  reaching an amicable resolution and compromise of this matter, Dylan C. Hudson
5  agrees that an adequate factual basis exists to support forfeiture of the defendant
6  funds.  Dylan C. Hudson hereby acknowledges that he the sole owner of the defendant
7  funds, and that no other person or entity has any legitimate claim of interest therein.
8  Should any person or entity institute any kind of claim or action against the
9  government with regard to its forfeiture of the defendant funds, Dylan C. Hudson shall
10 hold harmless and indemnify the United States, as set forth below.

11     4.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345
12 and 1355, as this is the judicial district in which acts or omissions giving rise to the
13 forfeiture occurred.

14     5.    This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial
15 district in which the property was seized.

16     6.    The parties herein desire to settle this matter, and a Consent Judgment of
17 Forfeiture may be entered based upon the following terms with which Dylan C. Hudson
18 expressly agrees:

19     a.    Upon entry of the Consent Judgment of Forfeiture, the following
20 assets, together with any interest that may have accrued on the total amount seized,
21 shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed
22 of according to law:

- Approximately $10,858.78 in U.S. Currency from Wells Fargo Bank Account Number 4861-511483;
- Approximately $7,620.00 in U.S. Currency from Wells Fargo Bank Account Number 4861-511475;
- Approximately $2,104.73 in U.S. Currency from Wells Fargo Bank Account Number 4861-511467; and
- Approximately $1,971.68 in U.S. Currency from Citibank Account Number P12SW0053.

28     b.    Upon entry of the Consent Judgment of Forfeiture, but no later

3

than 60 days thereafter, a payment of $25,936.89 (which represents the Farmers Insurance Group Check in the amount of $25,936.89 issued to Dylan C. Hudson and Capital One Auto Finance), shall be issued to potential claimant Dylan C. Hudson, through his attorney Randy Sue Pollock.

        c.        Dylan C. Hudson releases the United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and forfeiture as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

        d.        Pursuant to Rules 408 and 410(4) of the Federal Rules of evidence, no portion of this stipulated settlement, including statements or admissions made herein, shall be admissible in any criminal action.

        e.        Reasonable cause for the seizure of the defendant funds exists, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

        f.        Federal law requires the Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and to individual states (including past-due child support). If an offset is made to the payment to be made to claimants pursuant to this stipulation, claimant will receive a notification from the Department of the Treasury at the last address claimant provided to the government agency or entity to whom the offset payment is made. Claimants may contact the Treasury Department at 1-800-304-3107 to determine if this payment is subject to an offset.

304-3107 to determine if this payment is subject to an offset.

    g.    Each party represents that he or it understands the content of this Stipulation and enters it voluntarily, and has not been influenced by any person acting on behalf of any other party.

    h.    All parties will bear their own costs and attorneys' fees.

Dated: 7/22/13

BENJAMIN B. WAGNER
United States Attorney

By: *[signature]*
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 7/19/2013

*[signature]*
DYLAN C. HUDSON
Potential Claimant

Dated: 7/19/13

*[signature]* Randy Sue Pollock
RANDY SUE POLLOCK
Attorney for Potential Claimant
Dylan C. Hudson