BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-MC-00078-GEB-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $10,858.78 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 4861-511483, | |
| APPROXIMATELY $7,620.00 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 4861-511475, | |
| APPROXIMATELY $2,104.73 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 4861-511467, | |
| APPROXIMATELY $1,971.68 IN U.S. CURRENCY SEIZED FROM CITIBANK ACCOUNT NUMBER P12SW0053, and | |
| FARMERS INSURANCE GROUP CHECK IN THE AMOUNT OF $25,936.89 ISSUED TO DYLAN C. HUDSON AND CAPITAL ONE AUTO FINANCE, | |
| Defendants. | |

1

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On March 8, 2012, the U.S. Immigration and Customs Enforcement ("ICE") seized the following assets (hereafter "defendant assets") for federal forfeiture:

   a. Approximately $10,858.78 in U.S. Currency from Wells Fargo Bank Account Number 4861-511483,
   b. Approximately $7,620.00 in U.S. Currency from Wells Fargo Bank Account Number 4861-511475, Approximately $2,104.73 in U.S. Currency from Wells Fargo Bank Account Number 4861-511467,
   c. Approximately $1,971.68 in U.S. Currency from Citibank Account Number P12SW0053, and
   d. Farmers Insurance Group Check in the amount of $25,936.89 issued to Dylan C. Hudson and Capital One Auto Finance.

2. The U.S. Customs and Border Protection ("CBP") commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about May 7, 2013, the CBP received a claim from Dylan C. Hudson asserting an ownership interest in the defendant funds.

3. The government represents that it could show at a forfeiture trial that on March 8, 2012, ICE agents executed State seizure warrants on the defendant funds. The agents seized Approximately $10,858.78 in U.S. Currency from Wells Fargo Bank Account Number 4861-511483, Approximately $7,620.00 in U.S. Currency from Wells Fargo Bank Account Number 4861-511475, Approximately $2,104.73 in U.S. Currency from Wells Fargo Bank Account Number 4861-511467, Approximately $1,971.68 in U.S. Currency from Citibank Account Number P12SW0053, and a Farmers Insurance Group Check in the amount of $25,936.89 issued to Dylan C. Hudson and Capital One Auto Finance, that are real or personal property, which constitutes or is derived, directly or indirectly, from proceeds obtained as a result of the commission of the violations of 21 U.S.C. §§ 846 and 841 (a)(1).

4. The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

5. Without admitting the truth of the factual assertions contained in this

Consent Judgment of Forfeiture

stipulation, Dylan C. Hudson specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Dylan C. Hudson agrees that an adequate factual basis exists to support forfeiture of the defendant funds.  Dylan C. Hudson hereby acknowledges that he is the sole owner of the defendant assets, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant assets, Dylan C. Hudson shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, the following assets, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law:

- Approximately $10,858.78 in U.S. Currency from Wells Fargo Bank Account Number 4861-511483;
- Approximately $7,620.00 in U.S. Currency from Wells Fargo Bank Account Number 4861-511475;
- Approximately $2,104.73 in U.S. Currency from Wells Fargo Bank Account Number 4861-511467; and
- Approximately $1,971.68 in U.S. Currency from Citibank Account Number P12SW0053.

Consent Judgment of Forfeiture

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, a payment of $25,936.89 (which represents the Farmers Insurance Group Check in the amount of $25,936.89 issued to Dylan C. Hudson and Capital One Auto Finance), shall be issued to potential claimant Dylan C. Hudson, through his attorney Randy Sue Pollock.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant assets. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

13. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant assets and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

**Date: 8/1/2013**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

DATED: 8/1/13

United States District Court Judge

5

Consent Judgment of Forfeiture